### CROCKETT PERRY V. BENJAMIN SHROPSHIRE.

The institution of a suit against the maker of a promissory note, within the time limited by the " Act prescribing the mode of establishing the liabilities of drawers and indorsers of bills of exchange and promissory notes," (O. & W. Dig. Art. 94 and 95, Civ. Stat.,) fixes and secures the liability of the indorser; and the failure or neglect of the officer to levy on property of the defendant in execution, to satisfy a judgment against the maker, or a false return on the execution made by him, by reason of which he might be liable to pay the plaintiff the amount of the judgment, affords no defence to the indorser in an action against him, by the payee of the note.

Upon default of the payee, to prosecute diligently the collection of the judgment against the maker, the indorser occupies the position of primary obligor, and if not satisfied with the diligence used by the payee, he should discharge the liability thus secured against himself by the institution of the suit, and thereby become the equitable owner of the judgment.

ERROR from Fayette. Tried below before the Hon. James H. Bell.

This suit was commenced before a justice of the peace, on the 18th day of August, 1856, by the defendant in error against the plaintiff in error, as the indorser of two promissory notes, made by James Davidson. The account filed with the justice, as the basis of the action, claimed the amount of a judgment which had been rendered on the notes against Davidson, with interest. Judgment, in that court, was rendered in favor of the plaintiff, for the principal and interest on the notes. The plaintiff in error brought the case to the District Court, by petition for writs of *certiorari* and injunction.

The notes on which Davidson was sued, were indorsed by Perry to Shropshire, on the 6th day of May, 1855, and were then due; the suit thereon against the maker, was brought within sixty days from the date of the indorsements, and judgment rendered for the plaintiff on the 18th day of August, 1855.

On the trial in the District Court, the defendant, (plaintiff in error,) read in evidence two executions issued on the judgment;

11

one of which was issued on the 29th of August, 1855, on which was indorsed by the constable the following return: "Came to hand August 29th, 1855, returned not satisfied, October 17th, 1855." The other execution was issued on the 21st of April, 1856, and returned by the constable with this indorsement: "Came to hand 21st April, 1856; no property found to satisfy the within *fi. fa.;* ordered to be returned by the plaintiff, April 29th, 1856."

He also offered to prove by witnesses, that while the execution first issued, was in the hands of the officer, Davidson, the defendant therein, had visible means, subject to levy and sale, from which the execution might have been satisfied and paid; that the officer having that execution, did not call on Davidson to point out property to satisfy it; and that, before suit was brought against him, (Perry,) Davidson had disposed of the property thus liable, and was then insolvent.

To the introduction of this evidence, the plaintiff objected, on the ground that it was irrelevant; the objection was sustained by the court, and the testimony excluded; to which the defendant excepted.

Judgment for the plaintiff for the principal and interest of the notes, and costs of suit.

*Wm. G. Webb,* for the plaintiff in error.

*A. R. Gates,* for the defendant in error, suggested delay.

ROBERTS, J.—Perry, who was sued as indorser of a note, contends that he was released from his liability, because Davidson, the payee, against whom Shropshire had previously obtained a judgment on the note, had property out of which the money could have been made by the use of proper diligence, and by the fact, that the officer to whom the execution had issued, neglected to make the levy, and made an illegal and false return, by which Shropshire could have forced him to pay the amount of the judgment.

We do not think this position tenable.   The indorser's liability was fixed and secured, by the act of bringing suit against the payee, within the sixty days, as prescribed by the statute. (Hart. Dig., Art. 2529.)   Upon default of payee, the indorser occupied the position of primary obligor, and if not satisfied with the diligence used by Shropshire, in the prosecution of the judgment, his remedy was open to discharge the liability, thus secured against him, and thereby become the equitable owner of the claim, reduced to a judgment.   Judgment affirmed with ten per cent. damages.

Judgment affirmed with damages.